**Fill in this information to identify the case:**

United States Bankruptcy Court for the <u>Southern District of Texas</u>

Case number (*if known*): _____ Chapter <u>11</u>

❑　Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy　06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | DRF, LLC |

| | | |
|---|---|---|
| **2.** | **All other names debtor used in the last 8 years**<br><br>Include any assumed names,  trade names, and *doing business  as* names | Pitney Bowes Global Logistics LLC<br>Newgistics, Inc. |

| | | |
|---|---|---|
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | 74-2937236 |

**4.**　**Debtor's address**

| Principal place of business | | | Mailing address, if different from principal place  of business | | |
|---|---|---|---|---|---|
| 7171 | Southwest Parkway | | | | |
| Number | Street | | Number | | Street |
| Building 300, Suite 400 | | | | | |
| | | | P.O. Box | | |
| Austin | Texas | 78735 | | | |
| City | State | ZIP Code | City | State | ZIP Code |

**Location of principal assets, if different from principal place of business**

| Travis | |
|---|---|
| County | |

| Number | | Street |
|---|---|---|
| | | |

| City | State | ZIP Code |
|---|---|---|
| | | |

**5.**　**Debtor's website** (URL)　　https://www.pitneybowes.com/us/shipping-and-mailing/ecommerce.html

**6.**　**Type of debtor**

☒　Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐　Partnership (excluding LLP)
☐　Other.  Specify: _____

| Debtor | DRF, LLC | Case number (if known) | 24- ____ (  ) |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*
☐ Tax- exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
<u>4921</u> – <u>Couriers and Express Delivery Services</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

    ☒ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes    District _____ When _____ 
                                   MM/ DD/ YYYY      _____

            District _____ When _____ Case number _____
                                         MM / DD/ YYYY

Debtor    DRF, LLC                             Case number (if known)    24-_____ ( )
       Name

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes    Debtor     DRF Logistics, LLC      Relationship    Affiliate

            District    Southern District of Texas    When    August 8, 2024

                                                          MM / DD/ YYYY

            Case number, if known                                 

---

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

     What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**  _____

     Number          Street

     _____

     City                  State        ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

                 Contact Name _____

                 Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

(on a consolidated basis with all affiliated debtors)

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

| Debtor | DRF, LLC | Case number (if known) | 24-_____ ( ) |
|---|---|---|---|
| | Name | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **15. Estimated assets** | ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| (on a consolidated basis with all affiliated debtors) | ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| | ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| | ☐ | $500,001-$1 million | ☒ | $100,000,001-$500 million | ☐ | More than $50 billion |
| **16. Estimated liabilities** | ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| (on a consolidated basis with all affiliated debtors) | ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| | ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| | ☐ | $500,001-$1 million | ☒ | $100,000,001-$500 million | ☐ | More than $50 billion |

---

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

■ I have been authorized to file this petition on behalf of the debtor.

■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   August 8, 2024
                        MM / DD/ YYYY

✘   /s/ Eric Kaup                                           Eric Kaup
     Signature of authorized representative of          Printed name
     debtor

     Chief Restructuring Officer
     Title

**18. Signature of attorney**

✘   /s/ Gabriel A. Morgan                      Date      August 8, 2024
     Signature of attorney for debtor                       MM / DD / YYYY

     Gabriel A. Morgan                               Ray C. Schrock
     Printed Name

     Weil, Gotshal & Manges LLP              Weil, Gotshal & Manges LLP
     Firm Name

     700 Louisiana Street, Suite 3700          767 Fifth Avenue
     Address

     Houston, Texas 77002                        New York, New York 10153
     City/State/Zip

     (713) 546-5000                                 (212) 310-8000
     Contact Phone

     gabriel.morgan@weil.com                    ray.schrock@weil.com
     Email Address

     24125891          Texas
     Bar Number       State

**OMNIBUS ACTION BY
WRITTEN CONSENT
OF THE GOVERNING
BODIES OF
DRF LOGISTICS, LLC AND
DRF, LLC**

**August 8, 2024**

**WHEREAS**, the undersigned, being all of the members of the board of managers or the sole member, as the case may be (in each case, the "**Governing Body**" and collectively, the "**Governing Bodies**"), of each of the entities specified on the signature pages attached hereto (each, an "**Entity**" and collectively, the "**Entities**") do hereby consent to, adopt, and approve by unanimous written consent the following resolutions in accordance with applicable law and the relevant provisions of the respective governing documents of the applicable Entity, and direct that this written consent be filed with the minutes of the proceedings of the relevant Governing Body;

**WHEREAS**, DRF Logistics, LLC ("**DRF Logistics**") is a Delaware limited liability company, and its wholly owned subsidiary, DRF, LLC ("**DRFLLC**"), is a Texas limited liability company;

**WHEREAS**, prior to the date hereof, DRF Logistics was wholly owned and controlled by Pitney Bowes International Holdings, Inc. ("**PBIH**"), a Delaware corporation and a wholly owned subsidiary of Pitney Bowes Inc. ("**PBI**" and, collectively with its affiliates (as defined in chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), "**Pitney Bowes**");

**WHEREAS**, the Governing Body of each Entity has reviewed and has had the opportunity to review and analyze the liabilities and liquidity of such Entity, the strategic alternatives available to such Entity, and the impact of the foregoing on such Entity's business;

**WHEREAS**, the Governing Body of each Entity has reviewed and has had the opportunity to consult with the management and the legal and financial advisors of such Entity to fully consider, and have considered, the strategic alternatives available to such Entity; and

**WHEREAS**, the Governing Body of such Entity believes that taking the actions set forth below are in the best interests of such Entity and, therefore, desires to adopt, authorize, and approve the following resolutions.

**NOW, THEREFORE, BE IT**,

I.    <u>**Commencement of Chapter 11 Cases**</u>

**RESOLVED**, the Governing Body of each Entity has determined, after due consultation with the management and the legal and financial advisors of such Entity, that it is desirable and in the best interests of such Entity, its creditors, and other parties in interest to

commence cases under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**") in the Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"); and be it further

RESOLVED, that Eric Kaup, as Chief Restructuring Officer of each Entity (the "**Authorized Person**"), be, and each hereby is authorized, empowered, and directed, with full power of delegation, to negotiate, execute, deliver, and file with the Bankruptcy Court, in the name and on behalf of each Entity, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, notices and other documents (collectively, the "**Chapter 11 Filings**") (with such changes therein and additions thereto as the Authorized Person may deem necessary, appropriate, or advisable, the execution and delivery of any Chapter 11 Filing by the Authorized Person with any changes thereto to be conclusive evidence that the Authorized Person deemed such changes to meet such standard); and be it further

RESOLVED, that the Authorized Person be, and hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of each Entity, to take and perform any and all further acts and deeds that the Authorized Person deems necessary, appropriate, or desirable in connection with each Entity's Chapter 11 Case or the Chapter 11 Filings, including (i) the payment of fees, expenses, and taxes the Authorized Person deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing, and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates, or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Cases with a view to the successful prosecution of the Chapter 11 Cases (such acts to be conclusive evidence that the Authorized Person deemed the same to meet such standard); and be it further

## II.     Restructuring Support Agreement, Shared Services Agreement, Settlement and Release Agreement, and Plan

RESOLVED, that in connection with each Entity's Chapter 11 Case, the Governing Body of such Entity has determined that it is in the best interests of such Entity to enter into a Restructuring Support Agreement (the "**Restructuring Support Agreement**") on the terms and conditions substantially similar to those set forth in the form of Restructuring Support Agreement previously provided to such Governing Body; and be it further

RESOLVED, that in connection with each Entity's Chapter 11 Case and in light of the Entities' continued need for the shared services during the Chapter 11 Cases, each Governing Body has determined that it is in the best interests of such Entity to enter into that certain *Shared Services Agreement*, dated as of August 8, 2024, by and between the Entities and PBI (including all exhibits and schedules thereto, as may be amended, supplemented, or otherwise modified from time to time, the "**Shared Services Agreement**") on the terms and conditions substantially similar to those set forth in the form of Shared Services Agreement previously provided to each Governing Body; and be it further

RESOLVED, that in connection with each Entity's Chapter 11 Case and in consideration of the premises and the mutual covenants and agreements set forth in the Restructuring Support Agreement and that certain *Settlement and Release Agreement*, dated as of

2

August 8, 2024, by and between the Entities, PBI, and PBIH (including all exhibits and schedules thereto, as may be amended, supplemented, or otherwise modified from time to time, the "**Settlement and Release Agreement**"), and for other good and valuable consideration, each Governing Body has determined that it is in the best interests of such Entity to enter into the Settlement and Release Agreement on the terms and conditions substantially similar to those set forth in the form of Settlement and Release Agreement previously provided to the Governing Bodies; and be it further

       **RESOLVED**, that in connection with each Entity's Chapter 11 Case, it is in the best interests of each Entity to file with the Bankruptcy Court a chapter 11 plan of liquidation (the "**Plan**") on terms and conditions substantially similar to those set forth in the form of the Plan previously provided to the Governing Body of such Entity; and be it further

       **RESOLVED**, that the form, terms, and provisions of the Restructuring Support Agreement, Shared Services Agreement, and Settlement and Release Agreement and, in each case, all the exhibits annexed thereto and the execution, delivery, and performance thereof and the consummation of the transactions contemplated thereunder by the applicable Entity are hereby authorized, approved, and declared advisable and in the best interests of such Entity, with such changes therein and additions thereto as the Authorized Person deems necessary or appropriate, it being acknowledged that the execution of the Restructuring Support Agreement and such other documents, agreements, instruments, and certificates as may be required or contemplated by the Restructuring Support Agreement, Shared Services Agreement, and Settlement and Release Agreement, as applicable, shall be conclusive evidence of the approval thereof; and be it further

       **RESOLVED**, that the form, terms, and provisions of the Plan and all the exhibits annexed thereto and the execution, delivery, and performance thereof and the consummation of the transactions contemplated thereunder by the applicable Entity are hereby authorized, approved, and declared advisable and in the best interests of such Entity, with such changes therein and additions thereto as the Authorized Person deems necessary or appropriate, it being acknowledged that the execution of the Plan and such other documents, agreements, instruments, and certificates as may be required or contemplated by the Plan, shall be conclusive evidence of the approval thereof; and be it further

       **RESOLVED**, that the Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of each Entity, to cause each Entity to enter into, execute, deliver, certify, file, or record, and perform the obligations arising under the Restructuring Support Agreement, Shared Services Agreement, Settlement and Release Agreement, and Plan substantially in the forms previously presented to each Governing Body, together with such other documents, agreements, instruments, and certificates as may be required by the applicable document; and be it further

       **RESOLVED**, that the Authorized Person, be, and hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of each Entity, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Restructuring Support Agreement, Shared Services Agreement, Settlement and Release Agreement, and Plan or any of the related documents

which shall, in the Authorized Person's sole judgment, be necessary, proper, or advisable; and be it further

### III.    <u>Debtor-in-Possession Financing</u>

**RESOLVED**, that in connection with the Chapter 11 Cases, it is in the best interests of (i) DRF Logistics (the "**Borrower**"), as debtor and debtor-in-possession under the Bankruptcy Code, to enter into and obtain loans under the DIP Note (as defined below), (ii) DRFLLC (the "**DIP Guarantor**"), to guarantee the Borrower's obligations under the DIP Note (as defined below), and (iii) the Borrower and the DIP Guarantor (collectively, the "**DIP Loan Parties**"), to consummate the transactions under that certain Debtor in Possession Secured Multi-Draw Term Promissory Note, dated on or about the date hereof (as may be amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "**DIP Note**"), consisting of a superpriority, senior-secured, priming debtor-in-possession term-loan facility in the aggregate principal amount of up to $47 million (the "**DIP Financing**"), by and among, *inter alios*, the Borrower, the DIP Guarantor, and Pitney Bowes International Holdings, Inc. (the "**DIP Lender**"), subject to approval by the Bankruptcy Court, which financing is necessary, convenient, appropriate, desirable and advisable to the conduct of the business of the DIP Loan Parties during the Chapter 11 Cases; and be it further

**RESOLVED**, that the terms and provisions of and the execution and delivery of the DIP Note and the Additional DIP Documents (as defined below) (collectively, the "**DIP Documents**") by each DIP Loan Party that is party thereto and the consummation by such DIP Loan Party of the transactions contemplated thereunder, including (i) in the case of the Borrower, the borrowings or the receipt of other financial accommodations under the DIP Documents, (ii) in the case of the DIP Guarantor, the guarantee of the Guaranteed Obligations (as defined in the DIP Note) thereunder as provided in the DIP Documents, (iii) the grant of a security interest in and liens upon, mortgage, collateral assignment, hypothecation or pledge of substantially all of such DIP Loan Party's assets, whether now owned or hereafter acquired, in favor of the DIP Lender securing the Obligations under the DIP Note, (iv) the filing by the DIP Lender of UCC financing statements and other filings or recording documents or instruments with respect to the Collateral (as defined in the Security Agreement) that may be required, necessary, convenient, appropriate, desirable, or advisable to perfect the security interest granted pursuant to the Security Agreement, and (v) the terms and provisions of and the execution, delivery and performance of all other agreements, DIP Documents, or all other related documents constituting exhibits to the DIP Documents or that may be required, necessary, convenient, appropriate, desirable, or advisable to be executed or delivered pursuant to the DIP Documents or otherwise related thereto, including (a) the Security Agreement, (b) any other Collateral Document (as defined in the DIP Note) and (c) all certificates, notices, and other documents and agreements constituting exhibits to or required by the DIP Documents (each, an "**Additional DIP Document**" and collectively, the "**Additional DIP Documents**"), the making of the representations and warranties in the DIP Note and the Additional DIP Documents and compliance with the covenants under the DIP Note and the Additional DIP Documents and the assumption of any obligations under and in respect of any of the foregoing, are hereby authorized and approved in all respects, and that any officer of such DIP Loan Party (each, a "**DIP Authorized Person**"), who may act without the joinder of any other DIP Authorized Person, is hereby severally authorized, empowered, and directed, in the name and on behalf of such DIP Loan Party, to negotiate, approve, review, execute and deliver (1) the DIP

4

Note and (2) each Additional DIP Document to which such DIP Loan Party is a party, including with respect to any changes or additions thereto as any such DIP Authorized Person, in his or her sole discretion, may deem necessary, convenient, appropriate, advisable, or desirable, with the execution and delivery of the DIP Note and such Additional DIP Documents with any changes or additions thereto by the relevant DIP Authorized Person to be conclusive evidence that such DIP Authorized Person deemed such changes or additions to meet such standard; and be it further

    **RESOLVED**, that the form, terms and provisions of each of (i) the DIP Note, including the use of proceeds to provide liquidity for the Borrower throughout the Chapter 11 Cases, substantially in the form presented to the Governing Bodies and (ii) any and all of the Additional DIP Documents, agreements, including, any guarantee and security agreement, letters, notices, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified, or filed in connection with the DIP Financing and the performance of obligations thereunder, including the borrowings and guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

    **RESOLVED**, that the signature of any DIP Authorized Person of any DIP Loan Party to (i) the DIP Note and (ii) any Additional DIP Document to which such DIP Loan Party is a party shall be conclusive evidence of the authority of such DIP Authorized Person to execute and deliver the DIP Note or such Additional DIP Documents to which such DIP Loan Party is a party; and be it further

    **RESOLVED**, that each DIP Authorized Person of each DIP Loan Party, who may act without the joinder of any other DIP Authorized Person, is hereby severally authorized, in the name of and on behalf of such DIP Loan Party, to take all actions (including, (i) the negotiation, execution, delivery and filing of any agreement, certificate, instrument, or document (including any mortgage, financing statement, or similar document), (ii) the modification, amendment or waiver of, or consent to, any of the terms and conditions of the DIP Note, or any Additional DIP Document to which such DIP Loan Party is a party, (iii) the payment of any consideration and (iv) the payment of indemnitees, fees, costs, expenses, taxes, and other amounts incurred by such DIP Loan Party as any such DIP Authorized Person, in his or her sole discretion, may deem necessary, convenient, appropriate, desirable, or advisable (such acts to be conclusive evidence that such DIP Authorized Person deemed the same to meet such standard)) in order to effect the transactions contemplated under the DIP Note and any Additional DIP Document to which such DIP Loan Party is a party, and all acts of any such DIP Authorized Person taken pursuant to the authority granted herein, or having occurred prior to the date hereof in order to effect such transactions, are hereby approved, adopted, ratified, and confirmed in all respects; and be it further

    **RESOLVED**, that each DIP Authorized Person of each DIP Loan Party, who may act without the joinder of any other DIP Authorized Person, be, and hereby is, severally authorized, in the name and on behalf of such DIP Loan Party, to prepare any amendment, waiver, or consent under the DIP Note or any Additional DIP Document to which such DIP Loan Party is a party as may be necessary, convenient, appropriate, desirable, or advisable at any time or from time to time, which amendment, waiver or consent may provide for modification or relief under the DIP Note or any Additional DIP Document to which such DIP Loan Party is a party and may require consent payments, fees, or other amounts payable in connection therewith, and that each DIP Authorized Person of each DIP Loan Party be, and hereby is, authorized, in the name and on behalf of such

DIP Loan Party, to execute and deliver such amendments, waivers or consents under the DIP Note or any Additional DIP Document to which such DIP Loan Party is a party as such DIP Authorized Person shall deem to be necessary, convenient, appropriate, desirable, or advisable, such execution and delivery by such DIP Authorized Person to constitute conclusive evidence of his or her determination and approval of the necessity, convenience, appropriateness, desirability or advisability thereof; and be it further

**RESOLVED**, that any person dealing with any DIP Authorized Person of any DIP Loan Party in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such officer and by his or her execution of any document or agreement, the same shall be valid and binding obligations of such DIP Loan Party enforceable in accordance with their terms; and be it further

**RESOLVED**, that each Governing Body hereby authorizes any current or future subsidiary of such DIP Loan Party, to the extent applicable, to execute any agreement or document as may be contemplated by the DIP Note or any Additional DIP Document to which such DIP Loan Party is a party, and be it further

## IV.   Retention of Advisors

**RESOLVED**, that, in connection with the Chapter 11 Cases, the Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of each Entity, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, on behalf of each Entity, that the Authorized Person deems necessary, appropriate, or advisable in connection with, or in furtherance of, the Chapter 11 Cases, with a view to the successful prosecution of the Chapter 11 Cases (such acts to be conclusive evidence that the Authorized Person deemed the same to meet such standard); and be it further

**RESOLVED**, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, New York 10153 and 700 Louisiana Street, Suite 3700, Houston, Texas 77002, is hereby retained as attorneys for each Entity in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Triple P RTS, LLC and Triple P Securities, LLC, located at 300 North LaSalle, Suite 1420, Chicago, IL 60654 is hereby retained as restructuring advisor for each Entity in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Stretto, Inc. located at 410 Exchange, Suite 100, Irvine, CA 92602, is hereby retained as claims, noticing and solicitation agent, and administrative advisor for each Entity in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of each Entity, to take and perform any and all further acts and deeds, including, without limitation, (i) the payment of any consideration, (ii) the payment of fees,

expenses, and taxes the Authorized Person deems necessary, appropriate, or desirable, and (iii) negotiating, executing, delivering, performing, and filing any and all documents, motions, pleadings, applications, declarations, affidavits, schedules, statements, lists, papers, agreements, certificates or instruments (or any amendments or modifications thereto) in connection with the engagement of professionals contemplated by the foregoing resolutions (such acts to be conclusive evidence that the Authorized Person deemed the same to meet such standard); and be it further

### V.    General Authorization and Ratification

RESOLVED, that the Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of each Entity, to take and perform any and all further acts or deeds, including, but not limited to, (i) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes, or certificates that may be required, (ii) the execution, delivery, performance under and filing (if applicable) of any of the foregoing, and (iii) the payment of all fees, consent payments, taxes, and other expenses as any the Authorized Person, in their sole discretion, may approve or deem necessary, appropriate, or desirable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings, and payments to be conclusive evidence of such approval or that the Authorized Person deemed the same to meet such standard; and be it further

RESOLVED, that any and all past actions heretofore taken by the Authorized Person in the name and on behalf of any Entity in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects as the acts and deeds of such Entity, as applicable; and be it further

RESOLVED, that the applicable Secretary of each Entity is authorized to place a copy of this consent in the official records of such Entity to document the actions set forth herein as actions taken by the applicable Governing Body of such Entity; and be it further

RESOLVED, that this written consent may be executed in multiple counterparts (including by facsimile, electronic transmission (including ".pdf" or ".tiff") or otherwise), each of which shall be considered an original and all of which shall constitute one and the same instrument.

*[Signature Pages to Follow]*

**IN WITNESS WHEREOF**, the undersigned being the Governing Body of each Entity, has executed this Written Consent as of the date first set forth above.

**BOARD OF MANAGERS OF DRF LOGISTICS, LLC**

By: <u>*Alan Carr*</u>
DocuSigned by:
0DBEF0FF6164426

Name:   Alan Carr
Title:   Manager

By: <u>*Dhiren Fonseca*</u>
Signed by:
8EA9A2024DA844D...

Name:   Dhiren Fonseca
Title:   Manager

**DRF, LLC**

BY: DRF LOGISTICS, LLC,
ITS SOLE MEMBER

By: _____
    Name:    Alan Carr
    Title:    Manager

By: _____
    Name:    Dhiren Fonseca
    Title:    Manager

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor name:  DRF, LLC

United States Bankruptcy Court for the Southern District of Texas
(State)

Case number (*If known*):      24-_____ (  )

☐ Check if this is an
   amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A list of consolidated creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Priority Express Courier LLC Attn.: Derek Ryder 30 Technology Parkway South, Suite 200 Peachtree Corners, Georgia 30092-2925 | Attn.: Derek Ryder Phone: Email: derek.ryder@capstonelogistics.com | Transportation | | | | $2,308,936.92 |
| 2 | Spot Freight Attn.: Hayden Janney 141 S Meridian Street Indianapolis, Indiana 46225-1029 | Attn.: Hayden Janney Phone: (317) 635-6207 Email: hjanney@spotinc.com | Transportation | | | | $2,136,291.85 |
| 3 | XPO Logistics LLC Attn.: Tyson McGhee 13777 Ballantyne Corporate Place Charlotte, North Carolina 28277-4411 | Attn.: Tyson McGhee Phone: (980) 495-8409 Email: tyson.mcghee@rxo.com | Transportation | | | | $1,704,360.72 |
| 4 | Ambi Robotics Inc. Lease Plans Attn.: Sandra Kazee 4070 Halleck Street Emeryville, California 94608-3532 | Attn.: Sandra Kazee Phone: (510) 922-9146 Email: sandra@ambirobotics.com | Production Equipment | | | | $1,573,056.00 |
| 5 | United Parcel Service Inc. Attn.: Andy Galushko 55 Glenlake Parkway NE Atlanta, Georgia 30328-3474 | Attn.: Andy Galushko Phone: (203) 281-2611 Email: agalushko@ups.com | Transportation | | | | $1,570,166.53 |
| 6 | Hackbarth Delivery Servies Inc. Attn.: Eva Loraine 3504 Brookdale Drive North Mobile, Alabama 36618-1101 | Attn.: Eva Loraine Phone: Email: eloraine@hackbarthdelivery.com | Transportation | | | | $1,539,603.73 |
| 7 | Kelly Services Temp Labor Attn.: Basant Abraham 999 W Big Beaver Rd Troy, Michigan 48084-4716 | Attn.: Basant Abraham Phone: (248) 273-4141 Email: basant.abraham@kellyocg.com | Contingent Labor | | | | $1,415,860.59 |
| 8 | Trilogy Leasing Company LLC Attn.: Jeff Liebenthal P.O. Box 87618 Dept. 2079 Chicago, Illinois 60680-0618 | Attn.: Jeff Liebenthal Phone: Email: jliebenthal@trilogyleasing.com | Production Equipment | | | | $1,415,330.23 |

| Debtor | DRF, LLC | Case number (if known) | 24-_____ ( ) |
|---|---|---|---|
| | Name | | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Allen Lund Company LLC Attn.: Ben Tinker 4529 Angeles Crest Highway La Canada, California 91011-3247 | Attn.: Ben Tinker Phone: (800) 777-6142 Email: ben.tinker@allenlund.com | Transportation | | | | $1,344,615.08 |
| 10 | Geodis Ireland Limited USD Attn.: Christopher Stokes Unit 1, Dublin Airport Logistics Park St. Margaret's Road, Co. Dublin, K67 N237 Ireland | Attn.: Christopher Stokes Phone: 353-01-8263000 Email: christopher.stokes@geodis.com | Transportation | | | | $677,485.16 |
| 11 | US Pack Logistics LLC Attn.: Michael McLendon 2251 Lynx Lane, Suite 5 Orlando, Florida 32804-4729 | Attn.: Michael McLendon Phone: (667) 701-1986 Email: michael.mclendon@gouspack.com | Transportation | | | | $646,492.29 |
| 12 | Its National LLC Attn.: Albert Rosette 50 West Liberty Street, Suite 401 Reno, Nevada 89501-1944 | Attn.: Albert Rosette Phone: (577) 501-3405 Email: arosette@its4logistics.com | Transportation | | | | $627,611.01 |
| 13 | Veritiv Operating Company Attn.: Joseph Santos 1000 Abernathy Road NE, Bldg. 400 Atlanta, Georgia 30328-5614 | Attn.: Joseph Santos Phone: (262) 549-9400 Email: joseph.santos@veritivcorp.com | Office Support | | | | $598,750.77 |
| 14 | KTR NJ IV LLC CO PROLOGIS Attn.: Paul Rosen 1800 Wazee Street Suite 500 Denver, Colorado 80202-2526 | Attn.: Paul Rosen Phone: Email: prosen@prologis.com | Rent Expense | | | | $586,154.78 |
| 15 | TForce Final Mile LLC Attn.: JR Harrelson 14881 Quorum Drive, Suite 700 Dallas, Texas 75254-7069 | Attn.: JR Harrelson Phone: (800) 930-3177 Email: JR.Harrelson@tforce.com | Transportation | | | | $549,182.31 |
| 16 | Bloomington Owner LLC Attn.: Marybell Aguirre Bloomington Logistics Center Anaheim, California 92806-5816 | Attn.: Marybell Aguirre Phone: Email: Marybell.aguirre@trasnwestern.com | Rent Expense | | | | $546,092.26 |
| 17 | Xtreme Xpress Inc. Attn.: Benny Hernandez 8676 Live Oak Avenue Fontana, California 92335-3172 | Attn.: Benny Hernandez Phone: (909) 452-7608 Email: bhernandez@xtremexpress1.com | Transportation | | | | $534,635.90 |
| 18 | Geodis Logistics Netherlands, Inc. Attn.: Amine Saadoune UNIT 1 DUBLIN AIRPORT LOGISTICS PAR ST MARGARETS, Ireland K67 N237 | Attn.: Amine Saadoune Phone: Email: amine.saadoune@geodis.com | Customs, Duty & Tax | | | | $514,858.80 |
| 19 | Bogdan Delivery LLC Attn.: Chris Reed 19613 81sth Avenue, Suite A Kent, Washington 98032-1600 | Attn.: Chris Reed Phone: (877) 826-4326 Email: chris@bogdandelivery.com | Transportation | | | | $512,155.45 |

| Debtor | DRF, LLC | Case number (if known) | 24-_____ ( ) |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20  Amazon.com Sales Inc.<br>Attn.: Tony Palmer<br>PO Box 81207<br>Seattle, Washinton 98108-1207 | Attn.: Tony Palmer<br>Phone: (469) 703-4555<br>Email: plnth@amazon.com | Product Support | | | | $487,759.74 |
| 21  Pro-Med Delivery Inc.<br>Attn.: Imad Ghandour<br>51305 Celeste<br>Shelby Township, Michigan 48315-2943 | Attn.: Imad Ghandour<br>Phone: (586) 532-6300<br>Email: ighandour@promeddelivery.com | Fleet Vehicles | | | | $439,287.40 |
| 22  MailatinAmerica S.A.<br>Attn.: Rina Lee<br>Rincon 487 APTO 1001<br>Montevideo, Uruguay  11000 | Attn.: Rina Lee<br>Phone: 541152186307<br>Email: rlee@mailamericas.com | Customs, Duty & Tax | | | | $432,504.79 |
| 23  STAT Delivery Service Inc.<br>Attn.: Ray Elizondo<br>P.O. BOX 56358<br>Hayward, California 94545-6358 | Attn.: Ray Elizondo<br>Phone: (510) 351-3339<br>Email: elizondo@statdel.com | Transportation | | | | $405,913.00 |
| 24  Penske Truck Leasing Co L.P.<br>Attn.: Carey Melz<br>10801 Goodnight Lane<br>Dallas, Texas 75220-2447 | Attn.: Carey Melz<br>Phone:<br>Email: Carey.melz@penske.com | Transportation | | | | $328,997.99 |
| 25  Barkbox<br>Attn.: Jeffrey Awong<br>221 Canal Street<br>New York, New York 10013 | Attn.: Jeffrey Awong<br>Phone:<br>Email: Jawong@barkbox.com | Customer | | | | $325,000.00 |
| 26  Barcodes LLC<br>Attn.: Nick Bruett<br>200 W Monroe Street,  10th Floor<br>Chicago, Illinois 60606-5075 | Attn.: Nick Bruett<br>Phone: (800) 351-9962<br>Email: nbruett@barcodesinc.com | Product Support | | | | $314,604.99 |
| 27  National Presort Inc.<br>Attn.: Terry Wilkins<br>14901 Trinity Boulevard<br>Fort Worth, Texas 76155-2611 | Attn.: Terry Wilkins<br>Phone: (214) 634-2288<br>Email: terry.wilkins@npisorters.com | Production Equipment | | | | $303,875.03 |
| 28  Waltco Inc.<br>Attn.: Ryan Walters<br>P.O. Box 12087<br>Green Bay, Wisconsin 54307-2087 | Attn.: Ryan Walters<br>Phone: (920) 884-7465<br>Email: ryan.walters@waltcoinc.com | Transportation | | | | $302,941.80 |
| 29  UAC International Pty Ltd.<br>Attn.: Mark Kellet<br>751 Port America Place, Suite 425<br>Grapevine, Texas 76051-7626 | Attn.: Mark Kellet<br>Phone: 817 964183<br>Email: mark.kellet@uac.biz | Transportation | | | | $301,040.90 |
| 30  Used Cardboard Boxes Inc.<br>Attn.: Christy Schalk<br>4032 Wilshire Blvd. Suite 402<br>Grapevine, Texas 76051-7626 | Attn.: Christy Schalk<br>Phone: (323) 724-2500<br>Email: christyschalk@usedcardboardboxes.com | Material Handling | | | | $286,472.70 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  | § |  |
|---|---|---|
| **In re:** | § | **Chapter 11** |
|  | § |  |
| **DRF, LLC,** | § | **Case No. 24-_____ ([●])** |
|  | § |  |
|  | § |  |
| **Debtor.** | § |  |
|  | § |  |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**
**PURSUANT TO FED. R. BANKR. P. 1007 AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), attached hereto as **Exhibit A** is an organizational chart reflecting the ownership interests in DRF Logistics, LLC and DRF, LLC (each, a "**Debtor**" and collectively, the "**Debtors**"). The Debtors respectfully represent as follows:

1.      Interests in Debtor DRF Logistics, LLC are divided into two classes: (i) Class A Units, which have economic rights but no voting rights and (ii) Class B Units, which have voting rights but no economic rights. Such interests are held as follows:

      i.      HCI DRF, LLC owns 81% of Class B Units; and

      ii.     Pitney Bowes International Holdings, Inc. owns (a) 19% of Class B units and (b) 100% of Class A units.

2.      DRF Logistics, LLC owns 100% of the membership interests in DRF, LLC.

## **Exhibit A**

**Organizational Chart**



[1] Class A Units have economic rights but no voting rights.
[2] Class B Units have voting rights but no economic rights.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | **Chapter 11** |
| | § | |
| **DRF, LLC,** | § | **Case No. 24-_____ ([●])** |
| | § | |
| | § | |
| Debtor. | § | |
| | § | |

**LIST OF EQUITY HOLDERS**

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies the equity security holders of the above-captioned debtor in possession (the "**Debtor**").

Check applicable box:

☐    There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the Debtor's equity interest.

☒    The following are the Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Number of Interests Held |
|---|---|---|
| DRF Logistics, LLC<br>7171 Southwest Parkway<br>Building 300, Suite 400<br>Austin, Texas 78735 | Membership Interests | 100% |

<table>
<tr><td colspan="2"><b>Fill in this information to identify the case:</b></td></tr>
</table>

Debtor name:  DRF, LLC

United States Bankruptcy Court for the Southern District of Texas
(State)

Case number (*If known*):  24-_____ (     )

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING – Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐  Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐  Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐  Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐  Schedule H: Codebtors (Official Form 206H)

☐  Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐  Amended Schedule _____

☒  Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒  Other document that requires a declaration Consolidated Corporate Ownership Statement and List of Equity Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  August 8, 2024
MM /DD /YYYY

X  */s/ Eric Kaup*
Signature of individual signing on behalf of debtor

Eric Kaup
Printed name

Chief Restructuring Officer
Position or relationship to debtor